UNITED STATES CHEMICAL COMPANY *v.* LEONARD.

[No. 22,821. Filed December 17, 1915.]

APPEAL.—*Review.*—*Reversal.*—Where the record discloses no basis for the verdict awarding damages to appellee in the amount stated, a reversal is required on the ground that the verdict is not sustained by sufficient evidence and that the damages are excessive.

From Hamilton Circuit Court; *Meade Vestal,* Judge.

Action by the Farmers National Bank against the United States Chemical Company and David C. Leonard. From the judgment as rendered on the issues tendered between the defendants, this appeal is prosecuted. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Reversed.*

*Wilson & Quinn,* for appellant.
*C. W. Griffin* and *Gentry & Cloe,* for appellee.

SPENCER, J.—This action has its origin in a suit filed in the Hamilton Circuit Court by the Farmers National Bank, of Sheridan, Indiana, to recover from the parties to this appeal the balance due on a certain promissory note which had been executed by appellee to appellant, and subsequently endorsed by the latter and sold to the bank before maturity for full value. No question is now presented as to the judgment rendered in favor of the bank on its complaint against both of the defendants. Before trial was had on the complaint, however, appellant filed a cross-complaint in two paragraphs, the first of which set up the execution of the promissory note in suit, and the fact of its sale and delivery by appellant to the bank. It is further alleged that appellant, as endorser, was compelled

to and did pay on the note a certain balance due and
asks judgment against appellee in said amount.
The second paragraph of cross-complaint also shows
the execution and sale of the note in question and
asks that appellant be subrogated to the rights of
the bank to the extent of any judgment which
might be rendered against appellant in the principal
action. To each of the paragraphs of cross-com-
plaint appellee filed an answer in general denial.
He also filed a counterclaim, denominated a cross-
complaint, in which it is alleged that on June 29,
1912, appellee entered into a written agreement
with appellant for the purchase of certain stock
food manufactured by the latter and at the same
time he executed his promisosry note, payable to
the order of appellant, in the sum of $960, which
note is the basis of the principal action; that a short
time after the execution of the articles of agreement
and the promissory note, and pursuant to the agree-
ment, appellant sent an agent or representative to
assist appellee in the sale of the goods or merchan-
dise thus purchased; that the agent did sell goods
and merchandise to the amount of $720 and ac-
cepted notes for the payment of the goods, payable
to the order of appellant; that in consideration of
the notes thus executed to appellant, appellee de-
livered to the parties executing the notes a part of
the goods and merchandise which he had purchased
from appellant and for which the note in suit had
been executed. It is further alleged that at the time
the notes, hereinafter called "sale notes," were
executed by various parties to appellant in the
aggregate amount of $720, appellee was informed
by the agent of appellant that, pursuant to the writ-
ten agreement, he could receive credit in said
amount on his note to appellant, hereinafter called
the "original note," but that instead of allowing

credit on the original note, appellant endorsed the sale notes and placed them with the plaintiff bank as collateral security for the payment of the original note; that the sale notes were due and payable prior to the date of maturity of the original note; that they were not assigned by appellant for the use and benefit of appellee, but were held by the bank as collateral and as the property of appellant; that pursuant to the terms of the written contract appellant agreed to take charge of the goods remaining unsold at the expiration of sixty days and to give appellee credit therefor on his original note; that appellee, at the time of filing his counterclaim, had in his possession about one thousand pounds of the goods remaining unsold. It is further alleged that the goods sold by appellant's agent as aforesaid, were sold on the recommendation and warranty of appellant; that the goods were not as warranted, which fact appellant knew at the time the warranty was made, and that the parties to whom the goods were thus sold, therefore, refused to pay the notes thus executed by them; that by reason of the breach of contract entered into between appellee and appellant and the taking of goods belonging to appellee for which no credit was given, the latter has been damaged in the sum of $1,000. Prayer for judgment in that amount.

A copy of the contract is filed with and made a part of the above counterclaim but in view of the conclusion herein reached it is unnecessary to refer particularly thereto. The issues were closed by appellant's answer in general denial to the counterclaim and the cause was tried before a jury which returned a general verdict in favor of the bank on its complaint and a further verdict in favor of appellee on his counterclaim. In the latter verdict the jury found that certain collateral notes, including the

sale notes referred to in the counterclaim, were the property of appellant and should be credited to appellee; it also found that appellee had been damaged in the sum of $194. From the judgment on the verdict, this appeal is prosecuted.

In support of the assignment that the court erred in overruling its motion for a new trial appellant contends that the verdict of the jury in favor of appellee is not sustained by the evidence and that the damages assessed are excessive. This contention is well founded. The greater part of the evidence introduced at the trial had reference to the several transactions with the bank and to the taking of the collateral notes in question. There is no reason to extend this opinion with a review of that evidence and we deem it sufficient to say that a careful study of the record discloses no basis for the verdict of the jury that appellee is entitled to recover damages from appellant in the amount stated. Every element of recovery presented by the issues in this case is susceptible of accurate calculation except that which arises out of appellee's general charge that he was damaged through appellant's breach of warranty of the goods sold. This charge is wholly unsupported by the record and is not, therefore, to be considered. The evidence as to the amount of goods taken from appellee by appellant, and for which no credit was given, is not clear, but, taking that view of the record which is most favorable to appellee, it is not possible to sustain the award of damages made by the jury.

Other questions are presented but they arise out of conflicting evidence and need not here receive extended consideration. It is our conclusion that justice between the parties requires a reversal of the judgment herein with instructions to sustain appellant's motion for a new trial. It is so ordered.

Richmond Light, etc., Co. *v.* Rau—184 Ind. 117.

NOTE.—Reported in 110 N. E. 657.   As to defenses in actions on breach of warranty, see 133 Am. St. 573.   See, also, 3 Cyc 351, 381.